Jaspreet SINGH, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–71321.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Dec. 23, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jagdip Singh Sekhon, Sekhon & Sekhon, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

## MEMORANDUM **

Jaspreet Singh ("Jaspreet") petitions for review of the Board of Immigration Appeals' ("BIA's") decision affirming an immigration judge's ("IJ's") denial of his application for asylum and withholding, despite the BIA's reversal of the IJ's adverse credibility finding. We grant the petition for review and remand.

■ Because the BIA reversed the IJ's adverse credibility finding, Jaspreet's testimony must be accepted as true. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004). As a result, we need only determine "whether [the] facts [asserted by Jaspreet], and their reasonable inferences, satisfy the elements of the claim for relief. No further corroboration is required." *Ladha v. INS*, 215 F.3d 889, 900 (9th Cir.2000).

■ Jaspreet's testimony establishes the elements required for asylum. He testified that he was detained for fifteen days and sustained several brutal attacks by the police on account of imputed political beliefs. During his detention, the police wanted to know what Jaspreet did for his "cousin," a member of a political organization seeking to establish the separate Sikh state of Khalistan. "[T]he police were certain that [Jaspreet] work[ed] for [his cousin]" and, while torturing Jaspreet, they accused him of "helping Khalistan."

■ Having demonstrated past persecution, the burden shifts to the government to show that there has been a fundamental change in country conditions such that the applicant no longer has a well-founded fear of persecution. *Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir.2005). Because the BIA did not address whether there has been a change in country conditions, we remand pursuant to *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272

(2002), for proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.